PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN P. BROWN, et al.,

        Plaintiff,

   v.

KATHY HOCHUL, New York State
Governor, et al.,
        Defendant.

24-CV-6555-CJS
ORDER

---

*Pro se* Plaintiff John P Brown ("Brown") has filed a Complaint on his behalf and on behalf of V.P.B. (Brown's minor son), Triclomes LLC, Extreme Graphix (BDA), and Sniper Inc. asserting claims under 42 U.S.C. § 1983.  Docket Item 1.  Plaintiffs seek damages against several Defendants arising from what Brown claims were various unlawful searches and seizures by various law enforcement agencies at the direction of the New York State Illicit Cannabis Enforcement Task Force ("ICET").  *Id.*

Plaintiffs did not pay the filing and administrative fees required to bring a civil action in this Court, but Brown did submit an application to proceed *in forma pauperis* ("IFP") (that is, as someone who should have the prepayment of the ordinary filing fee waived because they cannot afford it).  Docket Item 2.

As set forth below, Plaintiffs V.P.B., Triclomes LLC, Extreme Graphics, and Sniper Inc. will be dismissed as parties to this action unless (1) an attorney or attorneys appear on their behalf in this action, (2) V.P.B. files a properly submitted motion to proceed IFP and/or (3) Triclomes LLC, Extreme Graphix, and Sniper Inc. pay the $350.00 filing fee and the $55.00 administrative fee ($405.00 total) (only one total fee required) **within 30 days of the date of this Order.**

**DISCUSSION**

**I    BROWN CAN ACT *PRO SE* ON HIS BEHALF ONLY**

Brown has filed this action *pro se* on his behalf and on the behalf of the other Plaintiffs.  Docket Item 1 at 11.  Because a *pro se* litigant can act only on his behalf and not on the behalf of others, Plaintiffs V.P.B., Triclomes LLC, Extreme Graphics, and Sniper Inc. will be dismissed as parties to this action unless an attorney or attorneys appear on their behalf in this action.  See *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."  28 U.S.C. § 1654.  "Thus, [the Second Circuit has] held that a layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, a partnership where he is a partner, a co-party in the litigation . . . or a minor child[.]"  *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (internal citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.").  Thus, Brown cannot bring this action on behalf of his minor son, or the corporations or businesses listed as Plaintiffs.  *See, e.g., Wenger v. Canastota Central School District*, 146 F.3d 123, 124-125 (2d Cir. 1998) (holding that a non-attorney parent cannot represent minor child *pro se*), *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 533 (2007); *see also B.D.S. v. Southold Free School Dist.*, Nos. CV-08-1319, CV-08-1864, 2009 WL 1875942, at *14 (E.D.N.Y. June 24, 2009) (holding that non-attorney

parent plaintiff cannot act on behalf of infant plaintiff and directing parent plaintiff to obtain counsel for infant plaintiff or move for appointment of counsel for infant plaintiff).

Accordingly, Plaintiffs V.P.B., Triclomes LLC, Extreme Graphics, and Sniper Inc. will be dismissed as parties to this action unless an attorney or attorneys file notice of appearances on their behalf in this action within 30 days of the date of this Order.[1]

## II.   *IN FORMA PAUPERIS*

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee or seek permission to proceed IFP.[2]  *See* 28 U.S.C. §§ 1914 and 1915(a); Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[3] Western District of New York, District Court Schedule of Fees.[4]  Here, the filing fees required to file a civil action have not been paid and only Brown has submitted an IFP application.  However, while only one fee is required, if no fee is paid, each Plaintiff must separately seek permission to proceed IFP.  *See, e.g.*, *Wood v. Mutual Redevelopment Houses, Inc.*, 22-CV-9493, 2023 WL 375474, at *1 (S.D.N.Y. Jan. 20, 2023) (dismissing complaint because, after notice, the plaintiffs failed

---

[1] Rule 17(c) of the Federal Rules of Civil Procedure requires the Court to take such action "as it deems appropriate for the protection of [an] infant or incompetent person," including appointing counsel or appointment of guardian ad litem.  *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).  The Court has reviewed the Complaint and finds, at this time, that the appointment of counsel or guardian ad litem for A.P.B. is not warranted.  See *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (setting forth factors for assessing whether counsel should be appointed to indigent litigant).

[2] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.  Effective December 1, 2023, this fee was increased to $55.00.  *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[4] Available at http://www.nywd.uscourts.gov/fee-schedule.

to pay the filing fees required to file a civil action or submit *separate* IFP motions); *Roe 1 v. City of New York*, 20-CV-10188, 2020 WL 7264563, at *1 (S.D.N.Y. Dec. 7, 2020) (noting that the plaintiffs must either pay the filing fees or *each* must submit IFP applications). Further, it is well established that corporations may not seek permission to proceed IFP because "[§] 1915 applies only to 'natural persons' and does not extend to artificial entities such as corporations." *Hovanesian v. United States*, No. 22-cv-01098, 2022 WL 7584652, at *2 (D. Conn. Sept. 26, 2022) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-11 (1993) (holding "[o]nly a natural person may qualify for treatment *in forma pauperis* status under § 1915"); *see also Brand v. AIG Insurance Co.*, 15-CV-6286, 2016 WL 11501700, at *1 (noting that "it is well established that corporations cannot proceed *in forma pauperis*"); *cf. Sears Roebuck & Co. v. C.W. Sears Real Estate*, 686 F. Supp. 385, 387 (N.D.N.Y.) (finding that corporations are not "person" covered by the IFP statute), *aff'd* 865 F.2d 22 (2d Cir. 1988) (affirming on grounds that defendant corporation was not indigent without addressing the district court's conclusion that a corporation cannot proceed IFP).

The Court has reviewed Brown's IFP application, Docket Item 2, and finds that he has shown sufficient evidence of indigency and, therefore, his IFP motion is granted. However, before V.F.B. may proceed as a plaintiff in this action he must, no later than 30 days after the date of this Order (1) obtains counsel who files a notice of appearance on his behalf in this action and (2) submits a separate IFP application or pay the fees required to commences a civil action ($405.00) in this Court.

Further, before the corporate Plaintiffs—Triclomes LLC, Extreme Graphix, and Sniper Inc.—may proceed as plaintiffs in this action they must, within 30 days of the date

4

of this Order (1) obtain counsel who files a notice of appearance in this action and (2) pay the filing fees required to commence a civil action ($405.00) in this Court.

## III.    DEFERMENT OF SCREENING UNDER 28 UNITED STATES CODE SECTION 1915(e)(2)(B)

The Court is required to screen civil actions filed by persons granted permission to proceed IFP and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Because Plaintiffs did not properly commence this action, this Court will defer the mandatory screening process until Plaintiffs, other than Brown, retain counsel and/or either file an IFP motion (V.P.B.) or pay the filing fees required to commence a civil action in this Court (Triclomes LLC, Extreme Graphix (BDA), and Sniper Inc.).

### ORDER

IT IS HEREBY ORDERED that Plaintiff John P Brown's application to proceed *in forma pauperis*, Docket Item 2, is granted; and it is further

ORDERED that the Clerk of Court shall terminate Plaintiff V.P.B. as a party to his action unless (1) an attorney files a notice of appearance on his behalf and (2) either submits an IFP motion or pays the $350.00 filing fee and $55.00 administrative fee ($405.00 total) **no later than 30 after the date of this Order**; and it is further

ORDERED that the Clerk of Court shall terminate Plaintiffs Triclomes LLC, Extreme Graphics (BDA), and Sniper Inc. as parties to his action unless (1) an attorney or attorneys file notices of appearance on their behalf and (2) pay the $350.00 filing fee and $55.00 administrative fee ($405.00 total) **no later than 30 after the date of this Order**

5

ORDERED that the Clerk of Court is directed to send to V.P.B. a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

ORDERED that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438, (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure

SO ORDERED.

Dated:       October 8, 2024
             Rochester, New York

_____
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE