

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

Case No. 24-CV-6555-CJS

AMENDED COMPLAINT

PURSUANT TO 42 U.S.C. § 1983 AND BIVENS

---

**JOHN P. BROWN**,

Plaintiff,

v.

**KATHY HOCHUL**, New York State Governor,

in her individual capacity;

**LETITIA JAMES**, New York State Attorney General,

in her individual capacity;

**TREMAINE WRIGHT**, Director, New York State Cannabis Control Board,

in his individual capacity;

**GIA PADDOCK**, New York State Police Investigator,

in her individual capacity;

and **UNKNOWN OFFICE OF CANNABIS MANAGEMENT OFFICIALS**,

in their individual capacities;

and **UNKNOWN HOMELAND SECURITY INVESTIGATIONS AGENT,**

in their individual capacity,

Defendants.

---

**Case No. 24-CV-6555-CJS**

**AMENDED COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND BIVENS**

**INTRODUCTION**

Pursuant to the Court's Order dated May 22, 2025 (ECF No. 10), Plaintiff John P. Brown, proceeding pro se, submits this Amended Complaint under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights by state and federal actors. The claims arise from two incidents:

(1) a warrantless search of Plaintiff's business, Triclomes LLC, on July 28, 2023, and

(2) an unlawful search and seizure of Plaintiff's person, minor son (V.P.B.), residence, and property on July 1, 2024, pursuant to an invalid warrant. Defendants acted under color of law with willful disregard for Plaintiff's constitutional rights, causing significant harm.

Plaintiff complies with the Court's directives by providing: (a) specific allegations of personal involvement by Defendants Kathy Hochul, Letitia James, Tremaine Wright, Gia Paddock, unknown Office of Cannabis Management (OCM) officials, and an unknown Homeland Security Investigations (HSI) agent; (b) the status of related state administrative and criminal proceedings; and (c) factual and legal support for constitutional claims. Plaintiff seeks injunctive relief, return of seized property, and damages.

JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983, as the claims arise under the U.S. Constitution (Fourth, Eighth, and Fourteenth Amendments) and involve federal actors (HSI), raising significant federal issues that override state court remedies (Monroe v. Pape, 365 U.S. 167 (1961).

Venue is proper in the Western District of New York under 28 U.S.C. § 1391(b), as the events occurred in Rochester, Monroe County, New York, and property was moved to Ontario County, New York.

PARTIES

Plaintiff: John P. Brown, a resident of Rochester, New York, residing at 1631 Dewey Avenue, Rochester, NY 14615.

Defendants:

Kathy Hochul, New York State Governor, sued in her individual capacity for directing unconstitutional searches via 2023 and 2024 executive orders and the FY24 budget.

Letitia James, New York State Attorney General, sued in her individual capacity for providing legal approval for unconstitutional searches, while having direct knowledge that these regulations and actions are in fact unconstitutional

Tremaine Wright, Director, New York State Cannabis Control Board, sued in his individual capacity for authorizing the July 28, 2023, search, while having direct knowledge that these regulations and actions are in fact unconstitutional

Gia Paddock, New York State Police Investigator, sued in her individual capacity for executing the July 1, 2024, search and seizure. while having direct knowledge that these regulations and actions are in fact unconstitutional

Unknown OCM Officials, sued in their individual capacities for participating in the July 28, 2023, search, to be identified through discovery. while having direct knowledge that these regulations and actions are in fact unconstitutional

Unknown HSI Agent, sued in their individual capacity under Bivens for participating in the July 1, 2024, search and seizure, to be identified through discovery. while having direct knowledge that these regulations and actions are in fact unconstitutional

## FACTUAL ALLEGATIONS

July 28, 2023, Warrantless Search of Triclomes LLC:

On July 28, 2023, a large contingent of armed OCM agents, wearing bulletproof vests labeled "Police" with badges, guns, and handcuffs, conducted a warrantless search of Triclomes LLC at 1631 Dewey Avenue, Rochester, NY, under Defendant Wright's authorization.

Agents failed to identify themselves, detained staff, forced entry into non-public areas without consent, and seized items (including cananiboid    products valued at $1,200,000) without providing a receipt or inventory, violating N.Y. Crim. Proc. Law (CPL) § 690.50.

Defendant Hochul directed this search through her 2023 executive orders and FY24 budget, which empowered OCM's enforcement actions (attached as Exhibit A, Hochul's website statements). Defendant James provided legal approval, as outlined in the FY24 budget (Exhibit A).

Plaintiff held a valid Cannabinoid License (DOHHMPR21-2021-000924, attached as Exhibit B). An administrative proceeding (Complaint #112 20230711 0048, attached as Exhibit C) was dismissed without prejudice, with no findings against Plaintiff or Triclomes. No property was returned.

The search lacked a warrant, exceeded regulatory authority under N.Y. Tax Law § 496-d, and violated the Fourth Amendment (Camara v. Mun. Ct. of City & Cnty. of San Francisco, 387 U.S. 523 (1967).

July 1, 2024, Search and Seizure:

On June 27, 2024, a day or night search warrant was issued by Monroe County Supreme Court without a supporting affidavit, or direct testimony under oath violating CPL § 690.35(3) and the Fourth Amendment (Groh v. Ramirez, 540 U.S. 551 (2004)).

On July 1, 2024, Defendant NYSP and unknown HSI agents executed the warrant at 1631 Dewey Avenue. Plaintiff's minor son, V.P.B., was forcibly removed from Plaintiff's

Dodge Ram Truck, handcuffed, and his phone was unlocked via biometrics by the HSI agent without consent.

Plaintiff was surrounded, handcuffed, and searched by Paddock and other officers. The warrant was not shown for review, and Plaintiff was not informed of its scope.

Plaintiff and V.P.B. were detained, transported to NYSP barracks in Scottsville, NY, shackled to the floor for most of the day, and barred from returning home for two days. Paddock interrogated Plaintiff after he requested an attorney.

Paddock and the HSI agent seized seven vehicles, computers, equipment, cash, a watch collection, and CBD products, many of which were not listed in the warrant.

No receipt or inventory was provided, and no court return was filed, violating CPL § 690.50(4)-(5). The vehicles were moved to Ontario County, and Plaintiff's May 15, 2025, letter and plea to the court ,the Monroe County stated they lack of jurisdiction (attached as Exhibit D, correspondence).

No criminal charges have been filed as of May 29, 2025, and no evidence links the seized items to illicit activity. Defendant Hochul with direct knowledge of the operation through ICET policies, and Defendant James approved its legal framework (Exhibit A).

Status of State Proceedings:

Administrative Proceeding: OCM initiated a proceeding against Triclomes LLC (Complaint #112 20230711 0048) following the July 28, 2023, search. Plaintiff's motion to suppress evidence was filed, and the case was dismissed without prejudice on October 25, 2023. No further action is pending.

Criminal Proceeding: No criminal charges have been filed against Plaintiff or V.P.B. as of May 29, 2025, related to the July 28, 2013 or July 1, 2024, search. Plaintiff's letters to Paddock, the Monroe County District Attorney, the U.S. Attorney, and the Monroe County Court (Exhibit D) confirm no charges or forfeiture proceedings exist.

No appeals have been filed, as no convictions or final administrative rulings exist, other than a complete dismissal

LEGAL CLAIMS

Count 1: Fourth Amendment Violation (July 28, 2023 – Warrantless Search):

Defendants Hochul, James, Wright, and unknown OCM officials, acting under color of state law, violated Plaintiff's Fourth Amendment rights by conducting a warrantless search of Triclomes LLC, detaining staff, and seizing property without consent or judicial authorization (Camara, 387 U.S. 523; Katz v. United States, 389 U.S. 347 (1967)).

Relief Sought: Return of seized property, $10,000,000 in compensatory damages, punitive damages.

Count 2: Fourth Amendment Violation (July 1, 2024 – Unlawful Search and Seizure):

Defendants Hochul, James, Paddock, and unknown HSI agent violated Plaintiff's Fourth Amendment rights by executing an invalid warrant lacking a supporting affidavit (Groh, 540 U.S. 551), seizing items beyond the warrant's scope (United States v. Ramirez, 523 U.S. 65 (1998)), using excessive force, and detaining Plaintiff and V.P.B. without justification (Terry v. Ohio, 392 U.S. 1 (1968)).

Relief Sought: Return of seized property, $10,000,000 in compensatory damages, punitive damages.

Count 3: Eighth Amendment Violation (Excessive Fines):

Defendants Hochul, James, Paddock, and unknown HSI agent violated Plaintiff's Eighth Amendment rights by retaining seven vehicles and property for 11 months without charges, forfeiture proceedings, or evidence of illicit activity, constituting an excessive fine (United States v. Bajakajian, 524 U.S. 321 (1998); Timbs v. Indiana, 139 S. Ct. 682 (2019)).

Relief Sought: Return of seized property, $5,000,000 in compensatory damages, punitive damages.

Count 4: Fourteenth Amendment Violation (Procedural Due Process):

Defendants Hochul, James, Paddock, and unknown HSI agent violated Plaintiff's Fourteenth Amendment rights by seizing property without a supporting affidavit, receipt, inventory, or post-seizure hearing, denying Plaintiff notice and an opportunity to challenge the seizure (Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002); Fuentes v. Shevin, 407 U.S. 67 (1972)).

Relief Sought: Return of seized property, $5,000,000 in compensatory damages, punitive damages.

Count 5: Fourteenth Amendment Violation (Substantive Due Process):

Defendants Hochul, James, Paddock, and unknown HSI agent violated Plaintiff's Fourteenth Amendment rights by arbitrarily detaining Plaintiff and V.P.B. and seizing property without a rational basis, constituting conscience-shocking conduct (County of Sacramento v. Lewis, 523 U.S. 833 (1998); United States v. James Daniel Good Real Property, 510 U.S. 43 (1993)).

Relief Sought: $5,000,000 in compensatory damages, punitive damages.

Count 6: Injunctive Relief:

Plaintiff seeks a preliminary and permanent injunction to prevent further unconstitutional searches and seizures, as ongoing investigations threaten irreparable harm. Younger abstention is inapplicable because no criminal charges are pending, the administrative proceeding is concluded, and state courts have denied jurisdiction, limiting Plaintiff's ability to raise federal claims (Cavanaugh v. Geballe, 28 F.4th 428 (2d Cir. 2022)).

LEGAL ARGUMENT

Personal Involvement:

Hochul: Directed unconstitutional searches through 2023 executive orders and FY24 budget, which expanded OCM and ICET enforcement (Exhibit A) (Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020)).

James: Provided legal approval for OCM's actions, as documented in the FY24 budget, enabling warrantless searches and invalid warrants (Exhibit A).

Wright: Authorized the July 28, 2023, search, as required by OCM protocols, directly contributing to the warrantless violation.

Paddock: Executed and obtained through application to the Monroe County Supreme Court, without any sworn affidavit or otherwise probable cause for the July 1, 2024, search, restrained Plaintiff, seized property beyond the warrant's scope, and detained Plaintiff and son V.P.B. excessively.

Unknown OCM Officials and HSI Agent: Directly participated in the searches and seizures, to be identified through discovery (Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)).

Fourth Amendment Violations:

The July 28, 2023, search was warrantless, lacked consent, and exceeded N.Y. Tax Law § 496-d, violating Camara, 387 U.S. 523. The July 1, 2024, search relied on an invalid warrant, involved excessive detention, and seized unauthorized items, violating Groh, 540 U.S. 551, and Ramirez, 523 U.S. 65.

Eighth Amendment Violations:

The prolonged retention of Plaintiff's vehicles and property without charges or forfeiture proceedings is grossly disproportionate, violating the excessive fines clause (Bajakajian, 524 U.S. 321; Timbs, 139 S. Ct. 682; Krimstock, 306 F.3d 40).

Fourteenth Amendment Violations:

The lack of a post-seizure hearing, receipt, or inventory violates procedural due process (Krimstock, 306 F.3d 40; Fuentes, 407 U.S. 67). The arbitrary detention and property seizure, with no evidence of criminality, violates substantive due process (Lewis, 523 U.S. 833; James Daniel Good, 510 U.S. 43).

Younger and Heck Considerations:

Younger abstention is inapplicable, as no criminal charges are pending, the administrative proceeding is concluded, and Monroe County courts denied jurisdiction, precluding adequate state remedies (Cavanaugh, 28 F.4th 428).

Heck does not bar claims, as no convictions exist (Heck v. Humphrey, 512 U.S. 477 (1994); Smalls v. Collins, 10 F.4th 117 (2d Cir. 2021)).

Bivens Claim:

The unknown HSI agent's actions (unlocking V.P.B.'s phone, excessive detention, unauthorized seizures) violate the Fourth, Eighth, and Fourteenth Amendments, supporting a Bivens claim (Bivens, 403 U.S. 388).

Pro Se Leniency:

Plaintiff's pro se status warrants liberal construction of his claims (Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

RELIEF REQUESTED

Plaintiff respectfully requests:

A declaratory judgment that Defendants violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights.

A preliminary and permanent injunction prohibiting further unconstitutional searches and seizures.

Return of all property seized on July 28, 2023, and July 1, 2024, including seven vehicles, Cannabinoid or Hemp products, cash, and personal items.

Compensatory damages of $30,000,000 ($10,000,000 for Fourth Amendment claims, $5,000,000 each for Eighth and Fourteenth Amendment claims).

Punitive damages for willful misconduct.

Costs and such other relief as the Court deems just.

CERTIFICATION

I, John P. Brown, certify that the foregoing is true and correct to the best of my knowledge. I will notify the Court in writing of any address change pursuant to Western District of New York Local Rule 5.2(d).

DATED: May 29, 2025

SIGNED:

John P. Brown

1631 Dewey Avenue

Rochester, NY 14615

[Phone Number, if available]

Pro Se Plaintiff


**ATTACHMENTS:**

Exhibit A: Hochul's 2023 Executive Orders and FY24 Budget Statements


Exhibit B: Cannabinoid License (DOHHMPR21-2021-000924)


Exhibit C: Administrative Complaint #112 20230711 0048


Exhibit D: Correspondence with NYSP, Monroe County DA, U.S. Attorney, and Monroe County Court

Case 6:24-cv-06555-CJS    Document 11    Filed 06/02/25    Page 11 of 19

## Notice of Withdrawal of the Notice of Violation and Order to Cease Unlicensed Activity

**Purpose:** This form is to be submitted by Petitioner, the Office of Cannabis Management to inform the Office of Administrative Hearings and the Respondents, Business Owners, and/or Businesses set forth on the Notice of Violation and Order to Cease Unlicensed Activity that said Notice of Violation pertaining to the Complaint Number below is being withdrawn and any proceedings are to be discontinued.

| |
|---|
| **Complaint Number:**<br>112 20230711 0048 |

| |
|---|
| **The Office of Cannabis Management**<br><br>                    **Petitioner,**<br><br><br>            **-against-**<br><br>**Triclomes**<br><br><br>1681 Dewey Ave, Rochester, NY 14615<br><br>                **Respondent(s).** |

**PLEASE TAKE NOTICE** that the Office of Cannabis Management hereby withdraws the Notice of Violation and Order to Cease Unlicensed Activity and discontinues the above-entitled proceeding, without prejudice, as of this date.

**Jasmine Norman** Digitally signed by Jasmine Norman
Date: 2023.10.26 16:10:33 -04'00'

*Signature of Office of Cannabis Management Representative

DATE: **10/25/2023**

**From:** Glenna Colaprete <glenna.colaprete@gmail.com>
**Date:** April 2, 2021 at 11:58:14 AM EDT
**To:** John Romero <john.romero@smgnational.com>, johnsniper007@yahoo.com
**Subject: Fwd: Your Cannabinoid Hemp Program Application DOHHMPR21-2021-000924 has been received**

This is just for the retail sale of CBD...Thanks!

---------- Forwarded message ----------
From: <noreply@doh.ny.gov>
Date: Wed, Mar 31, 2021 at 9:19 PM
Subject: Your Cannabinoid Hemp Program Application DOHHMPR21-2021-000924 has been received
To: <glenna.colaprete@gmail.com>

**Cannabinoid Hemp Program
New York State Department of Health**

Business Entity/Legal Name: Colorado's Brand Distributing, LLC

Primary Contact: Glenna Colaprete-Hudson

License or Permit Type: Cannabinoid Hemp Retail License

Application #: DOHHMPR21-2021-000924

Fee Paid: 300

Applicant Business Address:

- 1631 Dewey Ave Ste 1 Rochester, NY 14615 US

Thank you for your recent submission of a New York State Cannabinoid Hemp Retailer License application. The application Retailer License has been temporarily approved. Please keep this email as evidence of your temporary approval status and keep a copy on premises at all cannabinoid hemp retail locations.

Final license approval will be determined pending the adoption of Part 1005 of Title 10 of the New York State Codes, Rules and Regulations. Upon adoption, the Cannabinoid Hemp Program will review your application submission to ensure it meets the requirements of Part 1005 – Cannabinoid Hemp. Please be aware the Department may request additional

request for additional information may result in the denial of the Cannabinoid Hemp Retailer License and termination of temporary approved status. To view the proposed regulations please follow the link below:

Proposed Cannabinoid Hemp Regulations:
https://health.ny.gov/regulations/hemp/laws_regs.htm

If the Department determines your application submission meets the requirements for licensure, a final license certificate will be e-mailed to the primary email provided in your New York Business Express profile.

If you have any questions on this letter, please contact the New York State Cannabinoid Hemp Program by calling 866-NYS-HEMP (866-697-4367), or e-mail: hemp@health.ny.gov.

Sincerely,

**Cannabinoid Hemp Program**
**New York State Department of Health**
Website: https://health.ny.gov/regulations/hemp/
Email: hemp@health.ny.gov
Phone: 866-NYS-HEMP (866-697-4367)



NEW | Office of Cannabis
YORK | Management
STATE

# NEW YORK STATE
# ENFORCEMENT AUTHORITIES

## OVERVIEW

Governor Kathy Hochul recently unveiled new initiatives to shut down illicit cannabis operations and protect the legal marketplace as part of the FY25 enacted budget. **The plan provides the Office of Cannabis Management and local municipalities with enhanced authority to take action against illicit cannabis storefronts and those who enable them.** The initiatives are the strongest set of policies enacted thus far to tackle the illicit cannabis marketplace in New York State. Below is more information about what this means for New Yorkers.

## HOW DOES THE FY25 BUDGET HELP OCM SHUT DOWN ILLICIT CANNABIS STOREFRONTS IN NEW YORK STATE?

## EXPANDED ENFORCEMENT POWERS FOR THE OFFICE OF CANNABIS MANAGEMENT

The Office is permitted to immediately padlock a business after an inspection if the inspection reveals the selling of illicit cannabis and an imminent threat to health and safety, if no part of the area to be sealed is used in part as a residence or is zoned for residential use, and the unlicensed activity is more than a de minimis part of the business activity.

**The following circumstances permit immediate padlocking upon first inspection:**
- Sale to minors.
- Products not tested or labeled according to New York Cannabis law.
- Unlicensed processing of cannabis
- Violent conduct.
- The presence of unlawful firearms.
- Proximity to schools, houses of worship, public youth facilities, and/or
- Products leading to illness or hospitalization.

Unlicensed activity will be considered more than a "de minimis" part of the business by one or more of the following factors:
- Signs or symbols, indoors and out, advertising the sale of cannabis
- Advertising or other marketing content in connection with the unlicensed activity
- The volume of illicit cannabis products on site
- The variety of illicit cannabis products on site

Even if an imminent threat to health and safety is not present or an inspection reveals unlicensed sales are only a "de minimis" part of the business activity, the Office may share notices of violation (NOV) with other agencies, including SLA, Gaming, or DTF who may then take action in revoking any license the business has with their agency. The Office may padlock such business if it is found in violation of the Cannabis Law upon a subsequent inspection absent imminent threat or more than de minimis factors.

## ENHANCED PENALTIES FOR REMOVING OR DAMAGING A PADLOCK

Removing or mutilating the order to seal is punishable, on conviction, by a fine up to $5,000 or by a class B misdemeanor, or both.

Removing or damaging a padlock is a Class A misdemeanor. Obstructing Governmental Administration, a crime with a maximum sentence of up to a year in jail.

## COUNTIES AND CITIES

County and city governments are granted authority, similar to OCM's, to seal/padlock illicit cannabis businesses provided that they enact a local law consistent with the enabling statute that at a minimum:

- Ensures consistent enforcement and procedures to conduct inspections, hearings, and padlocking businesses that mirror OCM's
- Designates a point of contact to coordinate with OCM to report on enforcement activities
- Requires hearings in City or County courts within 3 days of emergency padlocking and a court decision within 4 days after the hearing, for locations that were padlocked at first inspection due to imminent threat to health and safety

County and city governments can initiate emergency proceedings with orders to cease illicit activity against both businesses and landlords using Section 16-a of the Cannabis Law, upon 10 days' notice to OCM, with the option to collect penalties in those proceedings.

## ENHANCED PENALTIES FOR LANDLORDS OF ILLICIT CANNABIS BUSINESSES

Landlords who rent a business they know is at least customarily or habitually engaged in selling cannabis without a license will be subject to penalties increased to:

- Five times the rent from the time the landlord was notified of the violation, outside of NYC
- A fine of $50,000 for any landlord notified of the violation in NYC

THE FOLLOWING IS A BROAD OVERVIEW ON HOW A COMPLAINT TO OCM ORIGINATES, IS VETTED AND PRIORITIZED, AND SUBSEQUENTLY RESOLVED BY OCM:

## WHAT IS THE STATE ILLICIT CANNABIS ENFORCEMENT TASK FORCE?

The Task Force is a coordinated, state-wide inter-agency effort launched to shut down illegal cannabis businesses that threaten the public health and safety of consumers, the social equity efforts of OCM, and the sustainability of the legal market. The following stakeholders will be engaged in the effort and will work alongside our partners in local law enforcement and city and county government statewide.

- New York State Police
- Department of Taxation and Finance
- State Liquor Authority
- Department of Agriculture and Markets
- Department of State
- Department of Health
- Department of Labor
- Department of Motor Vehicles

- Department of Corrections and Community Supervision
- Department of Environmental Conservation
- Department of Financial Services
- Division of Homeland Security and Emergency Services
- Thruway Authority
- Office of General Services
- Office of Information Technology Services
- Workers Compensation Board

## WHAT ARE THE GOALS?

- To close the doors of brick-and-mortar illicit cannabis operations through a sustained, coordinated effort
- To prevent the sale of illicit cannabis to underage buyers (under 21)
- To capture lost revenue and ensure illicit operators and the landlords who lease to them are held accountable for the negative impacts of their violation of State law
- To protect New Yorkers from the risk of consuming illicit cannabis products, and on the difference between legal and illicit retailers

# PAUL J. VACCA, JR.

**Attorney & Counselor at Law**
**45 Exchange Boulevard**
**Suite 530**
**Rochester, New York 14614**
Telephone: (585) 966-9833
pvacca99@gmail.com

February 18, 2025

Nicholas Mendal Testani, Esq.
United States District Court
100 State Street
Rochester, New York   14614

Christopher William Folk, Esq.
Monroe County District Attorney's Office
47 South Fitzhugh Street
Suite 832
Rochester, New York   14614

> Re:   John Brown
>        1631 Dewey Avenue
>        Rochester, New York   14615

Dear Mr. Testani and Mr. Folk:

I write this letter relevant to the above referenced matter, and your investigation of John Brown. I have received a number of phone calls from certain law enforcement officials bringing into question the issue of Mr. Brown's involvement. First of all, I would indicate in both State and Federal Courts, that I represent Mr. Brown. Secondly, I would like to know what the parameters are of your investigation of Mr. Brown. This matter has been around since July of 2024. It has a thorough disruption of Mr. Brown's life, based on your supposed and found less allegations. Mr. Brown had previously been investigated about two years ago, and that investigation went nowhere. I am trying to secure what this further investigation involves. I would indicate to you that my client maintains his innocence. There are a number of open allegations and I am not fully sure what your allegations are.

The lynchpin of all this is a Search Warrant based on an application. The Application for the Search Warrant was signed by the Hon. Vincent Dinolfo. Gia M. Paddock, an investigator with the New York State Police presented the Search Warrant to the Hon. Vincent Dinolfo. However, it does not appear that this is a Pure Affidavit in that nowhere in the

nor I have been furnished with it.

There was no return filed on the Search Warrant and there is no progress report, and there is no inventory of items seized other than what was furnished to me approximately five months after the search of my client's premises. Also, I received an inventory partial, at best, without any sworn Affidavit. It is my understanding that the Federal authorities are working with the New York State authorities in in preparing a prosecution of this case, based on the allegations contained in the Search Warrant, and I use the term loosely.

I need all documentation prepared by the State authorities and/or the Federal authorities in the prosecution of Mr. Brown. Also, I need to know if this case is the question of a "Silver Platter" doctrine, where the State seizes property illegally, but then defends themselves for illegal conduct under a guise of illegal prosecution.

My client's financial records were seized. He does not know where they are, and he needs them to continue to abide by the law. There is no foundation or basis as to why they should be seized and ultimately seized by law enforcement officials.

I received phone calls of law official individuals, and I fear, as well as my client, do not fully understand that it is important to go further as they fail that and have insufficient evidence. I submit to you the two of you that there is no sufficient evidence. There seems to be a parameter of allegations regarding Cannabis. I can tell you that I do not think that anybody for the State or Federal authorities know what the laws are regarding Cannabis. If you do, please furnish me with the same. I would be more than happy to sit down with the two of at any time. I would be happy to put forth the position of the defense.

I thank you in advance for your courtesies. I look forward to hearing from you.

Very truly yours,

Paul J. Vacca, Jr.

PJV:dg
xc:  John Brown

STATE OF NEW YORK
MONROE COUNTY
SUPREME & COUNTY COURTS
545 HALL OF JUSTICE
ROCHESTER, NEW YORK 14614-2184
(585) 371-3758
Fax (585) 371-3780

**LISA L. PRESTON**
Chief Clerk

**NICHOLAS SPRAGUE**
Deputy Chief Clerk

**HON. WILLIAM K. TAYLOR**
Administrative Judge
Seventh Judicial District

John P Brown
1635 Dewey Avenue
Rochester NY 14615

February 3, 2025

Dear John P Brown:

Our office has received your paperwork dated January 20, 2025.

This paperwork is being returned to you at this time since this case is not being heard in our Court. You may wish to consult with an attorney regarding the options available to you to resolve the issues and/or the proper filing procedure to request relief.

Very truly yours,
Monroe Supreme & County Courts
/hk