# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK



## Case No. 24-CV-6555-CJS

## AMENDED COMPLAINT

## PURSUANT TO 42 U.S.C. § 1983 AND BIVENS

---

**JOHN P. BROWN,**

Plaintiff,

v.

**KATHY HOCHUL**, New York State Governor,

in her individual capacity;

**LETITIA JAMES**, New York State Attorney General,

in her individual capacity;

**TREMAINE WRIGHT**, Director, New York State Cannabis Control Board,

in his individual capacity;

**GIA PADDOCK**, New York State Police Investigator,

in her individual capacity;

and **UNKNOWN OFFICE OF CANNABIS MANAGEMENT OFFICIALS,**

in their individual capacities;

and **UNKNOWN HOMELAND SECURITY INVESTIGATIONS AGENT,**

in their individual capacity,

Defendants.

Case No. 24-CV-6555-CJS

# Notice of Related Case

**To the Clerk of the Court,**

United States District Court for the Western District of New York

Please take notice that the undersigned party has a related case pending in the Monroe County Supreme Court, State of New York. The related case is time stamped though not given a court record number, titled Motion to quash warrant, and the return of property "In re John P Brown, Motion to Quash Warrant and Article 78 Petition", involving a motion to quash a search warrant issued on June 27, 2024, and an Article 78 petition challenging actions by the New York State Police and Office of Cannabis Management related to the seizure of vehicles and other property on July 1, 2024.

On June 19, 2025, the Monroe County Supreme Court returned the motion to quash the warrant and the Article 78 petition, stating that "since this matter is pending in the Western District of New York, we are returning your paperwork."

This notice is filed to inform the court of this related state court action and to attach the returned paperwork for the court's review. The attached documents include:

- The motion to quash the warrant, challenging its validity due to the lack of a supporting affidavit, failure to provide an inventory, and unauthorized seizure of vehicles.
- The Article 78 petition, seeking relief from arbitrary actions by state agencies.
- The letter from the Monroe County Supreme Court dated June 19, 2025, returning the paperwork.

These documents are submitted to ensure the federal court has a complete record of all relevant proceedings and to address any jurisdictional or procedural issues arising from the state court's deferral. This filing is particularly urgent given the potential use of evidence from the challenged warrant in a federal grand jury proceeding scheduled for June 26, 2025.

Dated: June 19, 2025

John P Brown, Plaintiff



**STATE OF NEW YORK**
Monroe County Supreme & County Courts
545 Hall of Justice
Rochester, NY 14614
**Phone: 585-371-3758**
**Fax: 585-371-3780**
**www.nycourts.gov**

**HON. WILLIAM K. TAYLOR**
Administrative Judge
Seventh Judicial District

**LISA L. PRESTON**
Chief Clerk

**NICHOLAS SPRAGUE**
Deputy Chief Clerk

John Brown
1631 Dewey Ave
Rochester, NY 14615

June 13, 2025

RE:    Mailings

Dear John Brown,

This is regarding your numerous mailings requesting that seized property and items be returned to you. Since this matter is pending in the Western District Court, all mailings are being returned to you as they must be filed in that Court. Our Court was only involved in the signing of the search warrant. Any requests for relief must be filed in Federal Court.

Please contact your attorney if you require further assistance.

Sincerely,


Monroe Supreme & County Courts
/md



**State of New York**
**Office of the Attorney General**

**Letitia James**
**Attorney General**

**Division of Criminal Justice**
**Public Integrity Bureau**

May 19, 2025

John J. Brown
1631 Dewey Ave
Rochester, NY 14615-3400

      Re:    Our File Number: 25-005640
              Subject: NYS Office of Cannabis Management, Gia Paddock, Kathleen C Hochul

Dear John J. Brown:

I am writing to notify you that we have received your correspondence. We appreciate your bringing your complaint to our attention and will keep the information on file.

Please be advised that we cannot intervene in this matter because the dispute is or has been in litigation. The Attorney General may not provide individual legal advice and must defer to court proceedings and determinations. If you wish to pursue the matter further, the judicial system maintains independent review procedures, including the appeals process.

If you have not already done so, you may wish to discuss this matter with a private attorney. In the event you need a referral, I suggest you contact your county bar association or, in the alternative, the New York State Bar Association's Lawyer Referral Service at 1-800-342-3661. Typically, initial consultations are relatively inexpensive and do not commit you to further representation. This office cannot represent individual consumers in court or give individual legal advice.

For help in collecting a judgment, you have several options. You can visit the New York Courts website at https://www.nycourts.gov/courthelp/AfterCourt/collection.shtml for information on how to collect your judgement. The website also provides information on what type of enforcement officer you will need to contact, as that will be dependent on the jurisdiction of the court in which your judgment was awarded. You may also contact the court directly for information on how to proceed. In addition, the New York Public Interest Research Group (NYPIRG) provides assistance in collecting small claims judgments. For information, visit their website at http://www.nypirg.org/consumer/smallclaims/.

I hope you reach a fair resolution.

Very truly yours,

*Diquan McCook*

Diquan McCook
Constituent Services Bureau

**Amendment to Motion to Squash Warrant**
John P Brown
1631 Dewey Ave
Rochester, NY 14615
**Address In the Matter of:**
**Warrant Issued on June 27,2024**

To: The Honorable Vincent M. Dinolfo
Monroe County Supreme Court
99 Exchange Blvd
Rochester, NY 14614

## Motion to Squash Warrant Issued on June 27, 2024

### Dated June 8, 2025

Dear Judge VM Dinolfo,

I, John p Brown, hereby submit this amendment to my pending motion to squash the search warrant issued on June 27, 2024, by this Court, executed on July 1, 2024. This amendment addresses new developments regarding the potential misuse of evidence obtained from this warrant in a federal grand jury proceeding. Background and Procedural Deficiencies As outlined in my original motion, the warrant is invalid due to the following:

1. **Lack of Supporting Affidavit**: The warrant was issued without a sworn affidavit establishing probable cause, violating New York Criminal Procedure Law (CPL) § 690.35.

2. **No Inventory Provided**: Despite a two-and-a-half-day search and seizure of multiple items, including seven vehicles, no inventory was provided, as required by CPL § 690.50.

3. **Unauthorized Seizure**: The warrant authorized only a search of the vehicles, yet they were seized and have been held for 11 months without forfeiture proceedings under CPLR Article 13-A.

4. **Improper No-Knock Provisions**: The no-knock, day-or-night warrant lacked sufficient justification, violating CPL § 690.40.

These deficiencies render the warrant invalid and any evidence obtained unlawful.

**New Development:** Federal Grand Jury Proceeding

I have learned that evidence from this warrant may be presented to a federal grand jury in the Western District of New York on June 26, 2025. I am concerned that this unlawfully obtained evidence, without other corroborating evidence, may be used to seek an indictment. This in fact knowing that the US Prosecutor, the Monroe County District Attorney being aware of the warrants improprieties, and legalities. While United States v. Calandra (1974) permits such evidence in grand jury proceedings, I respectfully submit that this Court's ruling on the warrant's validity is critical to prevent misuse of tainted evidence and potential prosecutorial misconduct, including possible retaliation as this presentation to the grand jury comes only after pending motions, and eleven (11) months, with minimal or no responses. Request for Expedited Ruling Given the imminent grand jury proceeding, I request that this Court expedite its ruling on my motion to squash the warrant. A timely ruling would:

• Clarify the warrant's validity and the lawfulness of the evidence.

• Prevent the misuse of tainted evidence in federal proceedings.

• Uphold due process and fairness. Alternatively, I request a finding on the record that the warrant is invalid and the evidence tainted, for reference in subsequent proceedings.

### 1 Conclusion

The use of unlawfully obtained evidence undermines justice. I urge the Court to act swiftly to protect my rights.

Respectfully submitted,

John P Brown, Plaintiff

CC: Paul Vacca, Esq
    David Stern , Esq
    Monroe County District Attorney
    US Attorneys Office
    Sen J Cooney
    Monroe County Supreme Court Clerk
    Nicholas M Testani, Esq
    Christopher W Folk, Esq
    Attorney General of NY
    New York State Inspector General
    New York State Grievance Committee
    DOJ Office of Professional Responsibility
    US President Donald J Trump

New York State. County of Monroe

Monroe County Supreme Court

Dated this 15 day of May, 2025

---

**SEARCH WARRANT ISSUED BY THIS COURT ON**

**June 27, 2024 and EXICUTED ON July 1, 2024**

**Motion To Return**

**Property And Vehicles**

**RE: John P. Brown et ell**

**1631-1635 Dewey Ave, Rochester, New York**

---

**MOTION TO RETURN**

**Vehicles and Property**



RECEIVED

MAY 2 2 2025

MONROE SUPREME & COUNTY COURTS
CLERK OF THE CLERK

1. This is a motion to request the return of property and vehicles taken as a result of the above search warrant issued by this court, and Honorable Vincent M. Dinolfo, a Monroe County Supreme Court Judge on June 27, 2024, then subsequently this warrant was executed on July 1, 2024.

2. Further, the petitioner has written to the court and its clerk requesting any and all supporting documentation, the return to the court, an inventory of all items taken, in accordance with New York Criminal Procedure Law (CPL) 960.55

3. The petitioner would like to move for the return of all property and vehicles under common law principles ( Boyle v. Kelly, 42 NY2nd 88, 1977 )

4. This courts clerk responded of February 3 2025 stating the property is being returned to you at this time since this case is not being heard in our court"

5. This is in fact the only court that has had any interaction in this matter, by default, as no other court has jurisdiction. (People V Hicky, 40 NY 2d 761; 1976 )

6. The New York State Supreme Court, In Monroe County is the court that issued the warrant on June 27, 2024

7. With no other interaction, no other filings, no seizure documentation, nothing

8. In accordance with CPL 690.50 (4): When the officers execute a search warrant, they MUST document any property seized during the search. The executing officer is required to write and subscribe a receipt or inventory listing the property taken. This inventory must describe the items seized in enough detail to identify them.

9. This receipt must be given to the person from whose possession or premises the property was taken. This standard has not been met, even after repeated request via letters and phone, by the Plaintiff and Paul Vacca, Esq

10. In addition to the above multiple FOIL requests have been submitted to the NYSP, the OCM, the state's Attorney General, New York State Taxation, DHS requesting the same information

11. The state or its agencies have failed to articulate how any of the items taken are or ever have been tied to any criminal proceeding, pending charges, or any criminal activity.

12. All of the property and vehicles should be returned.

13. There are multiple issues specifically to the face value of the warrant itself

a. The lack of supporting documentation or the specifics of which the warrant is

being requested.

b. The particulars and areas to be searched, with open , broad and ambiguous

phrasing.

c. This was a "day or night" warrant requiring not only an affidavit, with probable

cause, but sworn testimony as well.

d. With the NYS CPL 690.45 (5), the issuance of a "day or night" search, there

needs to be a special consideration to justify, none have been presented

based on factual testimony.

e. And as required by CPL 690.30 a full and complete clear inventory of items

taken "must" be left clarifying all items taken

14. As to the 7 vehicles, that were in fact outlined in the warrant itself, were to be

"searched".

15. These vehicles were taken by the searching agencies, no receipts were given, no

return filed with the court, and no seizure paperwork filed with any agency, or any

courts. As well as no notices sent or left with the petitioner, nor produced upon

request from Attorney Paul Vacca, and the petitioner.

16. The property and vehicles are no longer in Monroe County, and it is unclear who has

these items and their location. The NYSP oversaw the search, and taking of property.

17. As to the 7 vehicles taken, they are as follows:

a. 2018 Nissan Van, White

b. 2020 Lincoln Navigator, White

  c. 2020 Dodge Durango, White

  d. 2011 Dodge 3500, White

  e. 2019 Chevy Tahoe, Black

  f. 2012 Dodge Charger, White

  g. 2011 Dodge Charger, White

18. There has not been any evidence produced that any of these vehicles were used in any crimes, or the reason they were taken in the first place and kept for nearly a year.

19. There were 47 collectable watches taken.

20. Any and all office documents, tax records, files, and tax returns, with confidential information between attorney and client, combined with CPA records and tax returns.

21. Any and all electronics, including but not limited to 6 Apple iPad pros, and 8 Apple iPad mini's, 5 computers, along with any other electronic devices including but not limited to laptops, memory cards, hard drives, cords with any and all electronic devices taken at that time.

22. Collectible $2.00 dollar bills, and collectable coins. Along with any other currency and or cash taken during this "search warrant".

23. Case law relevant to the plaintiffs concerns about the state's failure to justify property seizures, issues with the warrant's validity, lack of supporting documentation, and non-compliance with New York's Criminal Procedure Law (CPL) requirements for day and night warrants and inventory returns.

24. Failure to tie seized items to criminal activity, warrant deficiencies including lack of probable cause or sworn testimony, lack of special justification for a day-and-night warrant, and untimely or incomplete inventory-by identifying key New York and federal cases that align with these issues. Critically examining the establishment narrative while grounding the analysis in legal principles.

    a. Failure to Tie Seized Items to Criminal Proceedings or Activity When the state seizes property but fails to connect it to a crime, courts often find such seizures unconstitutional under the Fourth Amendment, which protects against unreasonable searches and seizures. In Krimstock v. Kelly (2002, 306 F.3d 40, 2d Cir.), the Second Circuit addressed New York City's practice of seizing vehicles under civil forfeiture laws without promptly showing a connection to criminal activity. The court ruled that due process requires a prompt post-seizure hearing to establish whether the seizure was justified, emphasizing that the government must demonstrate a link between the property and a crime. This case supports the argument that seized property, like vehicles, must be returned if the state cannot articulate a nexus to criminal proceedings. Similarly, People v. Edwards (1989, 141 A.D.2d 664, N.Y. App. Div.) involved a motion to suppress evidence seized under a warrant. The court suppressed the evidence because the prosecution failed to show how the seized items were related to the alleged crime, highlighting the state's burden to justify retention of property. These cases bolster the claim that property should be returned absent a clear criminal connection.

b. Warrant Deficiencies: Ambiguity, Lack of Specificity, and Missing Supporting Deposition A search warrant must describe with particularity the places to be searched and items to be seized, as required by the Fourth Amendment and CPL § 690.45. Ambiguous or overly broad warrants are invalid. In People v. Brown (1999, 96 N.Y.2d 80), the New York Court of Appeals struck down a warrant for lacking specificity in describing the items to be seized. The court held that vague language risks unconstitutional general searches, violating the Fourth Amendment. If your warrant uses broad, ambiguous phrasing, these precedent supports challenging its facial validity. Regarding the lack of a supporting deposition, People v. Taylor (1988, 140 Misc.2d 139, N.Y. Sup. Ct.) addressed a warrant issued without a sufficient affidavit or deposition outlining probable cause. The court suppressed the evidence, ruling that CPL § 690.35 requires a detailed written or recorded application to support the warrant. A missing or inadequate deposition undermines the warrant's legitimacy, making this case directly relevant.

c. Day-and-Night Warrant: Lack of Sworn Testimony and Special Justification CPL § 690.45(5) allows a day-and-night warrant (executable outside 6:00 A.M. to 9:00 P.M.) only if the court finds reasonable cause for nighttime execution, and CPL § 690.35 requires probable cause to be supported by sworn testimony or an affidavit. In People v. Acevedo (1986, 124 A.D.2d 325, N.Y. App. Div.), the court suppressed evidence from a nighttime search because the warrant lacked specific judicial authorization for night execution and the

affidavit failed to justify the nonduction. The court emphasized that CPL §

690.45(5) demands a clear showing of necessity, such as imminent

destruction of evidence, which was not provided. Federally, Franks v.

Delaware (1978, 438 U.S. 154) is critical. It allows defendants to challenge a

warrant if the supporting affidavit contains false statements or omits critical

information necessary for probable cause. If the state failed to provide sworn

testimony or a factual basis for the day-and-night warrant, Franks supports a

suppression motion, as the absence of such testimony violates Fourth

Amendment standards.

d.  Inventory Requirements: CPL § 690.30 and Timely Return CPL § 690.55

mandates that officers file a return with the court without unnecessary delay,

including a sworn inventory of seized items. Failure to comply will lead to

suppression or return of property. In People v. Morgan (1990, 162 A.D.2d 704,

N.Y. App. Div.), the court suppressed evidence because the police failed to

promptly file a complete inventory with the court, violating CPL § 690.55. The

court stressed that timely and accurate filing ensures judicial oversight and

protects defendants' rights. Additionally, United States v. Wilson (1997, 96

F.3d 687, 2d Cir.) addressed federal Rule 41, which parallels CPL § 690.55. The

court suppressed evidence due to an incomplete inventory and delayed

return, noting that such failures undermine the warrant's legality and the

defendant's ability to challenge the seizure.

e  Broader Context Fourth Amendment and Due Process Beyond specific CPL violations, the overarching issue is whether the seizure and retention of property comport with constitutional protections. Riley v. California (2014, 573 U.S. 373) reinforced that searches and seizures require a warrant supported by probable cause, and any deviation-like seizing items without a clear criminal nexus-violates the Fourth Amendment. For due process, Culley v. Marshall (2024, 144 S. Ct. 1142) recently addressed civil forfeiture but noted that prolonged retention of property without a prompt hearing violates due process, supporting your argument for the return of vehicles and property. Critical Examination The cases above highlight a pattern: courts strictly enforce procedural requirements to prevent state overreach. However, the establishment narrative-often pushed by prosecutors-tends to prioritize law enforcement flexibility, sometimes downplaying CPL or constitutional violations unless challenged. For instance, in practice, courts may initially defer to police affidavits unless defendants explicitly raise Franks -style challenges. This underscores the need for a robust motion to suppress or return property, leveraging cases like Krimstock and Brown to hold the state accountable. Be wary of prosecutorial claims that minor procedural errors are harmless; courts like those in Morgan reject such arguments when defendants' rights are at stake. Wrapping Up Key cases to cite include Krimstock v. Kelly (failure to link property to crime), People v. Brown (ambiguous warrant), People v. Taylor (missing deposition), People v. Acevedo

and Franks v. Delaware (1978) ... right warrant issued ... and People v. M...

(inventory failures).

These precedents support arguments for immediate return of any and all property and vehicles unlawfully taken by the Ney York State Agencies, under the direction of Governor Kathy Hochul, and the New York State Attorney General Latisha James, personally directing the OCM, and New York State Police.

Respectfully submitted and sworn to this 15th day Of May, 2025

John P Brown, Pro se

1361 Dewey Ave

Rochester NY 14615

SUPREME COURT

OF THE STATE OF NEW YORK

COUNTY OF MONROE

JOHN P. BROWN, Petitioner,

- against –

NEW YORK STATE POLICE,

OFFICE OF CANNABIS MANAGEMENT,

and INVESTIGATOR GIA PADDOCK,

Respondents.

Index No. _____

PROPOSED ORDER

Upon the motion of Petitioner John P. Brown, appearing pro se, for an order quashing the search warrant issued on or about June 27, 2024, by the Monroe County Court, and upon the Verified Petition, Affidavit, Memorandum of Law, and all prior pleadings and proceedings herein, it is hereby

ORDERED that the search warrant issued on or about June 27, 2024, by the Monroe County Court, authorizing the search of Petitioner's home, business, and seven vehicles located in Monroe County, New York, is QUASHED as invalid due to the lack of a supporting affidavit in violation of CPL § 690.35, the unauthorized seizure of vehicles in violation of CPL § 690.45 and the Fourth Amendment, and the failure to provide a receipt or file a court return in violation of CPL § 690.50; and it is further

ORDERED that the search and seizure of Petitioner's home, business, and seven vehicles, as well any and all personal / business property and documentation specifically

a) 2011 White Dodge Ram 3500

b) 2020 White Dodge Durango

c) 2020 Black Lincoln Navigator

d) 2019 Black Chevy Tahoe

e) 2018 White / Green Nissan NY1500

f) 2011 Black / white Dodge Charger

g) 2012 Black / White Dodge Charger

h) Watch collection consisting of 47 watches (Rolex, Movado, Petek, and others)

i) 10 iPad Minis

j) 5 iPad Pros

k) Sons GoPro Camera Equipment, and memory cards

l) Any and all office equipment and computers

m) Any and all documentation and records

n) All tax records and correspondence (Fed and State)

o) Titles and documentation for vehicles

p) All security equipment, and body armor

q) Legal correspondences between attorney and client

r) As well as any and all other property that was taken from the premises, on July 1-2, 2024, is declared UNLAWFUL; and it is further

ORDERED that Respondents New York State Police, Office of Cannabis Management, and Investigator Gia Paddock shall IMMEDIATELY RETURN the seven vehicles seized on June 27, 2024, currently held at the New York State Police Barracks in Ontario County, to Petitioner John P. Brown at 1635 Dewey Ave, Rochester, New York; and it is further

ORDERED that Petitioner is awarded costs and fees, if applicable, and such other relief as this

Court deems just and proper.

ENTER:

_____

Justice of the Supreme Court Dated: Rochester, New York _____, 2025

# SUPREME COURT

## OF THE STATE OF NEW YORK

## COUNTY OF MONROE

JOHN P. BROWN, Petitioner,

    - against –

NEW YORK STATE POLICE,

OFFICE OF CANNABIS MANAGEMENT,

and INVESTIGATOR GIA PADDOCK,

Respondents.

Index No. _____

**AFFIDAVIT IN SUPPORT**

**OF MOTION TO QUASH**

**SEARCH WARRANT**

### STATE OF NEW YORK COUNTY OF MONROE ss:

I, JOHN P. BROWN, being duly sworn, depose and say:

1) I am the Petitioner in this action, appearing pro se, and I reside at 1631-1635 Dewey, Rochester, New York. I submit this affidavit in support of my motion to quash the search warrant issued on or about June 27, 2024, by the Monroe County Court, and subsequently executed on July 1-2, 2024 which authorized the search of my home, business, and seven vehicles located in Monroe County, New York, and to seek the return of my property unlawfully seized during the raid.

2) On July 1, 2024, Respondents New York State Police, Office of Cannabis Management (OCM), and Investigator Gia Paddock, along with other agents, including personnel from the U.S. Department of Homeland Security and possibly the Illicit Cannabis Enforcement Task Force (ICET), executed a search warrant at my home and business located at my home and

businesses located at 1635-1635 Dewey Ave, Monroe County, New York. The warrant authorized only the search of seven vehicles, specifically

a) 2011 White Dodge Ram 3500

b) 2020 White Dodge Durango

c) 2020 Black Lincoln Navigator

d) 2019 Black Chevy Tahoe

e) 2018 White / Green Nissan NY1500

f) 2011 Black / white Dodge Charger

g) 2012 Black / White Dodge Charger

3) Despite the warrant's limited scope, Respondents seized my seven vehicles with personal as well as business property consisting of :

a) Watch collection consisting of 47 watches (Rolex, Movado, Petek, and others)

b) 10 iPad Minis

c) 5 iPad Pros

d) Sons GoPro Camera Equipment, and memory cards

e) Any and all office equipment and computers

f) Any and all documentation and records

g) All tax records and correspondence (Fed and State)

h) Titles and documentation for vehicles

i) All security equipment, and body armor

j) Legal correspondences between attorney and client

k) As well as any and all other property that was taken from the premises

4) Transported them to the New York State Police Barracks in Ontario County, where they have been held for nearly 11 months without my consent or lawful justification. This seizure exceeded the warrant's authority, violating CPL § 690.45, which requires warrants to specify with particularity the items to be searched or seized, and the Fourth Amendment of the U.S. Constitution, as established in Groh v. Ramirez, 540 U.S. 551 (2004), which invalidated a warrant for unauthorized seizures.

5) No affidavit was provided to support the issuance of the warrant, despite multiple requests by my attorneys and myself, and the Monroe County court has no record of such an affidavit, in violation of CPL § 690.35(3), which mandates a sworn affidavit detailing probable cause and the items to be searched or seized. The absence of an affidavit renders the warrant invalid under the Fourth Amendment, as no factual basis was presented to the issuing judge, per Groh v. Ramirez, 540 U.S. at 557. Alternatively, if an affidavit exists, I believe it relied on false, frivolous, or unfactual information, as no charges have been filed in nearly 11 months, and no evidence has been produced linking the vehicles to illicit activity, supporting a challenge under Franks v. Delaware, 438 U.S. 154 (1978), which permits suppression of warrants based on knowingly false or reckless statements material to probable cause.

6) The Respondents' actions share procedural deficiencies with those in Trump v. United States, No. 22-cv-81294 (S.D. Fla. 2022), where the court scrutinized an allegedly overbroad warrant and unauthorized seizures during the FBI's August 8, 2022, Mar-a-Lago raid. In that case, the court appointed a special master to review seized materials due to concerns over the warrant's scope and execution (ECF No. 93), a precedent supporting my claim that the seizure of my vehicles was unlawful and beyond the warrant's authority.

7) Respondents failed to provide a receipt or inventory for the seized vehicles and did not file a court return, violating CPL § 690.50(4) and (5), which require such documentation to ensure transparency and accountability. This failure, akin to procedural lapses challenged in Trump v. United States (ECF No. 48), prevented me from contesting the seizure promptly and further violates the Fourth Amendment, as noted in United States v. Jacobsen, 466 U.S. 109 (1984), which emphasizes the importance of procedural safeguards in searches and seizures.

8) No criminal charges have been filed against me or my business in the nearly 11 months since the raid, and Respondents have provided no evidence linking the vehicles to illicit activity, such as illegal cannabis sales. This prolonged retention without charges or evidence suggests any initial probable cause was frivolous or unfactual, similar to concerns raised in Trump v. United States about questionable probable cause (ECF No. 64). The absence of charges strengthens my claim that the warrant lacked a valid basis, as supported by Coolidge v. New Hampshire, 403 U.S. 443 (1971), which requires seizures to be supported by probable cause tied to specific evidence.

9) On July 1, 2024, I filed a motion for return of property in Monroe County Court, which was denied for lack of jurisdiction, further delaying my ability to recover my vehicles. I have sent multiple letters to the New York State Police, Investigator Gia Paddock, Monroe County courts, the Monroe County District Attorney, and U.S. prosecutors, requesting information about the warrant and the return of my vehicles. These letters have gone largely unanswered, depriving me of due process and prolonging the unlawful retention of my property, in violation of the Fourteenth Amendment and CPL § 690.50.

10) The seizure and retention of my vehicles have caused significant hardship, including loss of use for personal and business purposes, financial strain, and emotional distress. The vehicles,

which include vehicles used for my business operations and personal transportation, are critical to my livelihood, and their continued detention without justification constitutes an ongoing violation of my constitutional rights.

11) This affidavit complements my federal case, John P. Brown v. Kathy Hochul, et al., Case No. 6:24-cv-06555-CJS (W.D.N.Y.), where I am challenging the same unlawful search and seizure. The facts presented here align with that case and further demonstrate the need for immediate judicial relief in this Court.

12) I respectfully request that this Court quash the June 27, 2024, search warrant as invalid, declare the search and seizure of my home, business, and vehicles unlawful, order the immediate return of my seven vehicles and all personal property and documents currently held at the New York State Police Barracks in Ontario County, and grant such other relief as the Court deems just and proper, including costs and fees.

Sworn to before me this 31 day of May, 2025.

JOHN P. BROWN Pro Se Petitioner

Sworn To under the penalty of purjery

NOTARY PUBLIC



Roch. NY P&DC 146 ZIP
FRI 20 JUN 2025   PM

USDC-WDNY
JUN 23 2025
ROCHESTER

United States Dist. Court NY
Western District of NY
100 State St
Rochester, NY 14602

J. Brown
1631 Dewey
Rochester, NY 14615