

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN P. BROWN,<br><br>        Plaintiff,<br><br>        -against-<br><br>KATHY HOCHUL, in her official and individual capacities;<br><br>LETITIA JAMES, in her official and individual capacities;<br><br>TREMAINE WRIGHT, in her official capacity as Chairwoman of the New York State Cannabis Control Board, and in her individual capacity;<br><br>CHRISTOPHER ALEXANDER, in his official capacity as former Executive Director of the New York State Office of Cannabis Management, and in his individual capacity;<br><br>JASMINE NORMAN, in her official capacity as Records Custodian, New York State Office of Cannabis Management;<br><br>NYSP INVESTIGATOR GIA N. PADDOCK, in her individual capacity,<br><br>        Defendants. | Civil Action No.<br><br>6:24-cv-06555-CJS<br><br><br>Assigned to:<br><br>Hon. Charles J. Siragusa,<br>United States District Judge |

NOTICE OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2) AND FOR PARTIAL LIFT OF STAY

PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law, the Declaration of John P. Brown dated July 13, 2026 (with Exhibits A through I), and the Proposed Second Amended Complaint attached thereto as Exhibit J, Plaintiff John P. Brown, appearing pro se, will move this Court, before the Honorable Charles J. Siragusa. United States District Judge, at the United States Courthouse, Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614, on a return date to be set by the Court (Plaintiff respectfully requests a return date not less than thirty (30) days from the date of filing, to permit full briefing under the Local Rules of Civil Procedure for the Western District of New York), for an Order:

1.   **Granting Plaintiff leave, pursuant to Fed. R. Civ. P. 15(a)(2), to file the annexed Proposed Second Amended Complaint** in this action;

2.   **Partially lifting the stay** entered by this Court's Order of February 27, 2026 (ECF No. 18) under *Wallace v. Kato*, 549 U.S. 384 (2007), and continued after denial of reconsideration on March 17, 2026 (ECF No. 23), **as to those claims in the Proposed Second Amended Complaint that do not depend on invalidating any anticipated criminal conviction**, specifically:

3.   Count I (Fourth Amendment — armed warrantless entry, July 28, 2023);

4.   Count VI (Fourth Amendment — police-marked-vest impersonation, July 28, 2023);

5.   Count VIII (Fourth Amendment/Fifth Amendment/Rule 37(e)(2) — metadata backdating of the July 1, 2024 warrant triad), to the extent it seeks discovery-sanctions relief independent of any suppression ruling in the pending state criminal proceeding;

6.    Count X (Fourteenth Amendment — Krimstock/Culley property-retention due process);

7.    Count XI (Eighth Amendment — Timbs excessive fines/forfeiture-equivalent); and

8.    Count XII (Monell/Tangreti supervisory liability), to the extent premised on the July 28, 2023 raid and the post-seizure property-retention conduct;

9.    **Directing the Clerk of Court to docket the Proposed Second Amended Complaint** as the operative pleading in this action upon the granting of leave; and

10.    **Granting such other and further relief** as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 15(c)(1)(B), Plaintiff contends that the claims asserted in the Proposed Second Amended Complaint arising from the July 28, 2023 conduct relate back to the original pleading in this action because they arise out of the same conduct, transaction, and occurrence — the OCM enforcement chain against Plaintiff's business — set forth, or attempted to be set forth, in the original and first amended pleadings, and that no new party is added by the relation-back claims as to the currently-appearing OCM-chain defendants.

PLEASE TAKE FURTHER NOTICE that this motion is brought on newly discovered evidence — specifically, the March 2026 discovery that the Original Search Warrant, Amended Search Warrant, and Search Warrant Return each bear "last-modified" metadata timestamps of April 16, 2019, and the May 27, 2026 Monroe County Grand Jury Indictment No. 72022-26/001 dismissing all sale counts and one possession count and sustaining only one count under P.L. § 222.40(1) — evidence that did not exist, or was not known to Plaintiff, at the time of the Court's February 27, 2026 stay order or the March 17, 2026 denial of reconsideration. This motion is not

a renewed motion for reconsideration of either prior order; it rests on facts arising and discovered after both orders issued.

Oral argument is requested if the Court deems it necessary; Plaintiff otherwise submits this motion for decision on the papers.

Dated: July 13, 2026
Rochester, New York

Respectfully submitted,

/s/ John P. Brown

John P. Brown, Pro Se
1631 Dewey Avenue
Rochester, NY 14613
(585) 764-9912

---

**Attachments:** Memorandum of Law (A2); Declaration of John P. Brown with Exhibits A–I (A3); Proposed Second Amended Complaint, Exhibit J (A4); Proposed Order (A5); Certificate of Service (A6).