# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK



| | |
|---|---|
| JOHN P. BROWN,<br><br>    Plaintiff,<br><br>  -against-<br><br><br>**KATHY HOCHUL**, in her official and individual capacities;<br><br>**LETITIA JAMES**, in her official and individual capacities;<br><br>**TREMAINE WRIGHT**, in her official capacity as Chairwoman of the New York State Cannabis Control Board, and in her individual capacity;<br><br>**CHRISTOPHER ALEXANDER**, in his official capacity as former Executive Director of the New York State Office of Cannabis Management, and in his individual capacity;<br><br>**JASMINE NORMAN**, in her official capacity as Records Custodian, New York State Office of Cannabis Management;<br><br>**NYSP INVESTIGATOR GIA N. PADDOCK**, in her individual capacity,<br><br><br>    Defendants. | Civil Action No.<br><br>**6:24-cv-06555-CJS**<br><br><br>Assigned to:<br><br>**Hon. Charles J. Siragusa,<br>United States District Judge** |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

ROCHESTER DIVISION

---

JOHN P. BROWN,

Plaintiff,

KATHY HOCHUL, in her official and individual capacities as Governor of the State of New York; LETITIA JAMES, in her official and individual capacities; TREMAINE WRIGHT, in her official capacity as Chairwoman of the New York State Cannabis Control Board, and in her individual capacity; CHRISTOPHER ALEXANDER, in his official capacity as former Executive Director of the New York State Office of Cannabis Management, and in his individual capacity; JASMINE NORMAN, in her official capacity as Records Custodian, New York State Office of Cannabis Management; NYSP INVESTIGATOR GIA N. PADDOCK, in her individual capacity,

Defendants.

---

Civil Action No.: 6:24-cv-06555-CJS

Hon. Charles J. Siragusa, presiding

RENEWED AND UPDATED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (LONG FORM)

Filed in Support of: (i) Plaintiff's Motion for Leave to File Second Amended Complaint under Fed. R. Civ. P. 15(a)(2), (ii) Partial Lift of Stay under *Wallace v. Kato*, 549 U.S. 384 (2007), and

(iii) Motion for Pro Se E-Filing Privileges, all filed contemporaneously herewith (ECF Nos. [to be assigned]).

---

## PRELIMINARY STATEMENT — RENEWED APPLICATION AND CONTINUING CANDOR

I, **John P. Brown**, am the plaintiff in the above-captioned action. I previously applied to proceed *in forma pauperis* in this action, and the Court granted that application in 2024. I file this Renewed and Updated Application under 28 U.S.C. § 1915 and pursuant to the continuing duty of candor owed to the Court, for three purposes:

**First**, to update the record with my current financial condition, which has **materially worsened** since the Court's original 2024 IFP determination. My primary business (Triclomes LLC) was destroyed by the July 1–2, 2024 seizure, my home is now in active foreclosure, my bank accounts have been closed or frozen, my working vehicles have been repossessed or seized, and I now generate only subsistence-level income from self-employment as a tattoo artist.

**Second**, to ensure that, as I file today a Motion for Leave to File a Second Amended Complaint that will materially expand the defendant pool to include Tremaine Wright, Christopher Alexander, Jasmine Norman, and Gia N. Paddock, and that will require U.S. Marshal service on those new defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d), the Court has before it a current, sworn, and complete record of my continuing indigency.

**Third**, to mirror in this action the Application filed today under a new docket in the protective §1983 action, filed contemporaneously as a statute-of-limitations protective measure with respect

to the July 28, 2023 OCM administrative raid. Both applications rest on identical financial facts sworn to under identical penalty-of-perjury standards.

In support of this Renewed Application, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. In support, I answer the following questions under penalty of perjury:

---

**1. Are you currently incarcerated?**

☐ Yes ☒ No

*(If "Yes," state the place of your incarceration. If you are employed there, state the amount of your pay and where you send the money.)*

Not applicable. I am released on my own recognizance under supervision of federal Pretrial Services in *United States v. Brown*, W.D.N.Y. No. 25-MJ-4132 (Hon. Judge Holland). I am also released pending trial in *People v. Brown*, Monroe County Indictment No. 72022-26/001 (Hon. Julie A. Hahn). I completed a period of electronic monitoring in March 2026.

---

**2. Are you currently employed?**

☒ Yes ☐ No

**a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period, and give the name and address of your employer.**

**Current employment (self-employed).** I am currently self-employed as a tattoo artist and operator at **Extreme Graphix**, Rochester, New York. This is a subsistence-level self-

employment activity that generates only sufficient revenue, in most months, to keep my utilities on and to cover basic personal necessities. It does not approach the level of income I earned before the seizures and does not enable me to satisfy the monthly obligations set forth in Question 6, let alone accumulate savings or pay court filing fees.

**Net monthly take-home:** highly variable and, in recent months, effectively at or near subsistence — typically **less than $1,500 net per month** after materials, supplies, booth costs, and other necessary business expenses, and in some months substantially less. There is no fixed pay period; income is transactional (per client, per session) and irregular.

**Employer / place of self-employment:** Extreme Graphix, Rochester, New York.

**Direct causal connection to this action.** This action, *Brown v. Hochul et al.*, 6:24-cv-06555-CJS, and the parallel state criminal proceeding (*People v. Brown*, Monroe County Indictment No. 72022-26/001) have themselves materially damaged this remaining source of income. The publicity of the parallel criminal proceedings, the July 1–2, 2024 armed execution at my properties, my ongoing electronic-monitoring/pretrial-release status, the loss of all functional personal transportation (see Question 5), and the reputational effects of the seizures have driven away clientele and crushed the modest tattoo-artist practice that would otherwise have supplemented my basic living expenses. The very government conduct challenged in this action is a direct and proximate cause of my inability to earn a livelihood.

**b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages, and the pay period, and the name and address of your last employer.**

**Additional context regarding prior employment.** Because I have answered "Yes" to Question 2, Question 2(b) is not applicable in the strict sense. However, in the interest of full candor to the

Court and to demonstrate the magnitude of the economic injury caused by the government conduct at issue:

1. **Prior primary employment / self-employment (destroyed):** Owner-operator of **Triclomes LLC**, a licensed New York State cannabis retail dispensary and cultivator.

2. **Date operations ceased:** on or about July 27, 2023 (the day before the July 28, 2023 warrantless OCM raid); operations were formally impossible to resume after the July 1–2, 2024 seizure of the remaining inventory, records, cash, and seven (7) vehicles.

3. **Approximate net monthly income before the seizures:** approximately **$18,000–$25,000 per month** in take-home draws from the licensed cannabis retail business.

4. **Current status of that business:** All business assets, inventory, cash, and licensing revenue have been seized, destroyed, or lapsed. The business no longer generates income. Its professional license is suspended or lapsed.

---

3. In the past 12 twelve months have you received any money from any of the following sources?

**a. Business, profession or other self-employment**

☒ Yes ☐ No

**b. Rent payments, interest or dividends**

☐ Yes ☒ No

**c. Pensions, annuities or life insurance payments**

☐ Yes ☒ No

**d. Disability or workers compensation payments**

☐ Yes ☒ No

**e. Gifts or inheritances**

☒ Yes ☐ No

**f. Any other sources**

☒ Yes ☐ No

**If the answer to any of the above is "Yes," describe each source of money and state the amount received and what you expect you will continue to receive.**

**(a) Business, profession, or other self-employment:** As set forth in the answer to Question 2. I am currently self-employed at subsistence level as a tattoo artist and operator at Extreme Graphix, Rochester, New York. My net take-home from that self-employment activity is typically **less than $1,500 net per month** after materials, supplies, booth costs, and other necessary business expenses, and in many months substantially less. Receipts are irregular, transactional, and materially depressed by the pendency of the parallel criminal proceedings and the reputational effects of the July 2024 seizure. I do not expect this income to increase materially while the criminal proceedings remain pending; if anything, I expect it to decline further as clients continue to be deterred by the ongoing prosecution.

**(e) Gifts:** Occasional and irregular financial assistance from family members and friends to cover basic necessities (food, medication, transportation to court appearances). I estimate the total amount received in the past twelve months at approximately **$2,500 in the aggregate,** given

in irregular amounts of $50 to $300 at a time. I have no legally enforceable right to any continuing payments from these sources, and the amounts are neither reliable nor regular.

**(f) Other sources:** State poor-person filings (April 5–6, 2026) indicated approximately $2,500 per month in gross intermittent receipts as of April 2026 (from the tattoo self-employment described in (a), combined with family assistance). Since April 2026, gross receipts from the tattoo self-employment have declined further — as noted above, net take-home is typically under $1,500 per month, and in some months near zero — as clientele continues to be deterred by the pendency of the criminal proceedings and the loss of functional personal transportation (see Question 5).

**Anticipated future receipts:** None reliable. I am unable to generate meaningful income while the criminal proceedings are pending, my professional cannabis license is suspended, and I have no working transportation.

---

4. Do you have any cash or checking or savings accounts?

☐ Yes ☒ No

**If "Yes," state the total amount.**

I currently have **zero dollars ($0.00) in cash on hand** and **zero dollars ($0.00) in any checking, savings, money market, or other bank account**. Accounts previously maintained at Canandaigua National Bank, PenFed Credit Union, Advantage Federal Credit Union, and ES&L were closed or frozen following the July 1–2, 2024 seizure and the subpoenas issued in connection with the criminal investigation. To the best of my knowledge, no active bank account bears my name as of the date of this application.

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?

☒ Yes ☐ No

**If "Yes," describe the property and state its value.**

I must answer "Yes" to this question because I still hold nominal legal title to certain property. However, in every case the property is either in active foreclosure, in the custody of law-enforcement agencies as a result of the seizures underlying this action, subject to a superior lien exceeding any equity, or otherwise unavailable to me to satisfy the fees at issue.

**(a) Real Estate — Residence:**

- **1631 Dewey Avenue, Rochester, NY 14613.** Currently in active foreclosure. The mortgage principal balance exceeds the current fair-market value of the property. There is no equity available to me. I anticipate imminent loss of the property.

**(b) Real Estate — Business Premises:**

- Any prior business real property interests (Triclomes LLC-related) have been lost, encumbered by liens arising from the seizures, or are in the custody of state authorities under the challenged 2024 warrant.

**(c) Motor Vehicles:**

- **Seven (7) motor vehicles** seized July 1–2, 2024 by the New York State Police pursuant to the search warrant that is under constitutional challenge in the Proposed Second Amended Complaint. Those vehicles remain in the custody of the New York State Police approximately twenty-four (24) months after seizure, without any post-deprivation hearing under *Krimstock v.*

*Kelly*, 306 F.3d 40 (2d Cir. 2002). The vehicles include, among others, a **Lincoln Navigator**, a **Nissan van**, and a **Chevrolet Tahoe**. These vehicles are not available to me and cannot be liquidated to pay fees.

- **Additional vehicles** that were not part of the July 2024 seizure have subsequently been **repossessed** by commercial creditors as a result of my inability to service auto loans and finance contracts after the seizure of my business income. As of the date of this application, I have **no functional personal vehicle**.

**(d) Personal Property Seized:**

- Approximately **$1.2 million in cash**, business inventory, personal jewelry, electronics, business records, and personal effects were seized on July 28, 2023 (by OCM, without a warrant) and July 1–2, 2024 (by NYSP under the challenged warrant). None of this property has been returned. All such property is the subject of pending property-return proceedings in Monroe County Court and Article 78 proceedings in Ontario County Supreme Court.

**(e) Stocks, bonds, securities, or other financial instruments:** None.

**(f) Retirement accounts (401(k), IRA, pension):** None.

**(g) Cryptocurrency, digital assets:** None.

**(h) Business interests:** Triclomes LLC — a licensed cannabis retailer that ceased operations following the seizure. The entity has no assets, no inventory, and no going-concern value. Its licenses are suspended or lapsed.

**Summary: I have no property of ascertainable value that is available to me, unencumbered by superior liens, and lawfully liquidable to pay the filing fees or the costs of service on any newly added defendants.**

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses?

☒ Yes ☐ No

**Describe and provide the amount of the monthly expense.**

| Category | Approximate Monthly Amount |
| --- | --- |
| Mortgage payments (in default — foreclosure pending) | $2,800 |
| Real estate taxes and homeowner's insurance (escrow) | $500 |
| Utilities — electric, gas, water, sewer | $450 |
| Food and household necessities | $600 |
| Health insurance premium / medical co-payments (post-hernia and hospitalization) | $700 |
| Prescription medications | $250 |
| Telephone and internet service | $200 |
| Transportation (rideshare / borrowed vehicle costs, no personal vehicle) | $400 |
| Outstanding legal fees owed to Paul Vacca, Esq. (accrued in the state criminal matter; carried in arrears; over $10,000 outstanding as of the date of this application) | Deferred / accruing |

| Ongoing costs of parallel civil litigation, mandamus, Article 78, and this action (copies, postage, mileage, notarization) | $150 |
|---|---|
| Basic clothing, personal care, and miscellaneous | $150 |
| TOTAL APPROXIMATE MONTHLY EXPENSES | ≈ $6,200 in current out-of-pocket obligations, plus $2,800 mortgage in default, for a distressed monthly total exceeding $8,300 |

Monthly net income from the tattoo self-employment described in Question 2 (typically less than $1,500 per month, and in many months substantially less) does not remotely cover these expenses. The gap has been bridged in recent months by (i) irregular family assistance, (ii) foreclosure and non-payment of the mortgage, (iii) accrual of debt to counsel and creditors, and (iv) foregone medical care, foregone personal transportation, and other deferred necessities.

7. Do you have any persons who rely on you for support?

☒ Yes ☐ No

**State the relationship, and how much you contribute to their support.**

I have family members, including my minor child **Vlademir Brown**, on whose behalf I remain financially and legally responsible in various ways. Because of my present indigency, I am unable to provide meaningful financial support beyond what family members and extended assistance provide, but my legal, custodial, and moral obligations continue. The circumstances of

the July 1–2, 2024 warrant execution — during which armed officers conducted an off-premises felony-style stop of my then-16-year-old son, with firearms drawn, three miles from the residence, and forcibly compelled a biometric phone unlock — are among the constitutional injuries underlying the Proposed Second Amended Complaint.

8. Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form?

☒ Yes ☐ No

If "Yes," how much? No cash payment has been made to any attorney for this federal civil action, in which I appear pro se. I have accrued but unpaid legal fees owed to **Paul Vacca, Esq.**, in the parallel state criminal proceeding (*People v. Brown*, Monroe County Indictment No. 72022-26/001), in an amount in excess of $10,000, which remain outstanding.

If "Yes," state the attorney's name, address, and telephone number.

Paul Vacca, Esq., Vacca Law, Rochester, New York — retained solely with respect to the parallel state criminal proceeding under a limited-scope engagement. Mr. Vacca is not counsel of record in this federal civil action. I appear pro se in this action, and have moved contemporaneously for pro se e-filing privileges under W.D.N.Y. Local Rule 5.2.

9. Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes ☒ No

I am completing this application myself, pro se, without paid assistance.

---

10. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

**a. Prior IFP Order in this Action.**

On or about [DATE OF ORIGINAL IFP ORDER — 2024], the Court granted my original application to proceed *in forma pauperis* in this action. This Renewed Application does not seek to reopen or relitigate that determination; it seeks only to update the record with my current financial condition, which has materially worsened, and to ensure that the Court has a fresh sworn record before it as I move for leave to file the Proposed Second Amended Complaint and request U.S. Marshal service on newly-added defendants.

**b. Duration and Magnitude of Government-Caused Economic Injury.**

The constitutional violations that form the subject matter of the Proposed Second Amended Complaint are themselves the direct cause of my current indigency. On July 28, 2023, agents of the New York State Office of Cannabis Management ("OCM"), operating without a search warrant, entered my licensed cannabis premises in an armed, warrantless raid, and seized my business inventory, cash, and records. On October 25, 2023, OCM withdrew the underlying Notice of Violation — extinguishing the administrative predicate for that entry — yet none of

the seized property was returned. On July 1–2, 2024, the New York State Police executed a search warrant now under active constitutional challenge, seizing an additional approximately $1.2 million in cash, my seven personal and business vehicles, and further personal and business property. None of that property has been returned. The Monroe County Clerk certified on February 5, 2026 that no inventory return was ever filed for these seizures.

### c. Loss of Business and Employment.

As of the date of this application, my licensed cannabis business (Triclomes LLC) has been shuttered for approximately twenty-four (24) months. My professional license is suspended. My inventory is gone. My cash reserves are gone. My working vehicles are gone. My credit is destroyed by the resulting defaults on secured obligations. My remaining source of income — subsistence-level tattoo work at Extreme Graphix — is itself depressed by the very pendency of this action and the parallel criminal proceedings. I have exhausted personal savings. I have exhausted the goodwill of creditors. My home is in foreclosure.

### d. Ongoing Concurrent Litigation Burden.

I am simultaneously defending against parallel federal criminal charges (*United States v. Brown*, W.D.N.Y. No. 25-MJ-4132) and state criminal charges (*People v. Brown*, Monroe County Indictment No. 72022-26/001, sustained May 27, 2026 on a single possession count under P.L. § 222.40(1)); pursuing this action and the companion protective §1983 action being filed to key under a new docket to preserve July 28, 2023 raid claims against the July 28, 2026 statute-of-limitations bar; pursuing Article 78 proceedings in Ontario County Supreme Court, Index No. 141825-2025; pursuing a mandamus petition in the Appellate Division, Fourth Department, No. OP 26-00532; and pursuing property-return remedies in Monroe County Court. Each

proceeding imposes filing, copying, postage, mileage, and notarization costs that a solvent litigant could absorb but that I cannot.

### e. Prior Judicial Findings of Indigency (Persuasive Continuity).

On or about April 6, 2026, I filed a comprehensive Poor-Person Motion in the Appellate Division, Fourth Department, under N.Y. C.P.L.R. § 1101, disclosing substantially the financial condition set forth herein. On or about April 5, 2026, I filed a substantially parallel poor-person application in Ontario County Supreme Court. The financial condition disclosed in those filings has since materially worsened, not improved. I respectfully invite the Court, if it deems appropriate, to consult those state-court poor-person filings as corroborative of the indigency sworn to herein. Copies are available on request.

### f. Purpose and Scope of Renewed Application.

The purpose of this Renewed Application is threefold: (1) to update the Court with my current financial condition, which has materially worsened since the 2024 IFP order; (2) to ensure that U.S. Marshal service under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d) will be available for the newly-added defendants (Wright, Alexander, Norman, and Paddock) in the Proposed Second Amended Complaint being submitted concurrently; and (3) to place before the Court a comprehensive sworn record that mirrors the record established today in the companion protective §1983 action being filed contemporaneously as a statute-of-limitations preservation measure.

### g. Applicable Legal Standard.

The United States Supreme Court has held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E. I. Du Pont de Nemours & Co.,*

335 U.S. 331, 339 (1948). This declaration meets that standard on its face: my monthly obligations exceed my monthly receipts by a substantial margin, I have no unencumbered assets available for liquidation, my home is in foreclosure, my working vehicles have been seized or repossessed, my subsistence self-employment does not begin to cover basic obligations, and the very cause of my indigency is the government conduct that is the subject of this action. Continued IFP status in these circumstances is warranted.

---

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 13, 2026, at Rochester, New York.

John P. Brown

Plaintiff, Pro Se

1631 Dewey Avenue

Rochester, New York 14613

Telephone: (585) 764-9912

---

**CERTIFICATION REGARDING PRIOR FEE PAYMENT AND ORIGINAL IFP ORDER**

I have not paid any additional filing fee or portion thereof in this action beyond the original waiver granted by the Court in 2024. I have not made any partial payment of any subsequent fee. This Renewed Application is filed under the continuing duty of candor and to preserve U.S. Marshal service under 28 U.S.C. § 1915(d) for newly-added defendants.

---

**John P. Brown**

Plaintiff. Pro Se

Dated: July 13, 2026

---

**PROPOSED ORDER GRANTING RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS**

Upon consideration of the Renewed and Updated Application of Plaintiff **John P. Brown** to Proceed in District Court Without Prepaying Fees or Costs, and the accompanying declaration under penalty of perjury pursuant to 28 U.S.C. §§ 1746 and 1915(a)(1), and the record of the Court's prior grant of *in forma pauperis* status in 2024, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that Plaintiff's Renewed and Updated Application is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff shall continue to proceed *in forma pauperis* in this action without prepayment of any additional fees or costs;

IT IS FURTHER ORDERED that, upon the Court's grant of leave to file the Proposed Second Amended Complaint, the U.S. Marshal shall serve the summonses and Second Amended Complaint upon each new Defendant (Tremaine Wright, Christopher Alexander, Jasmine Norman, and Gia N. Paddock) at no cost to Plaintiff, pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d);

IT IS FURTHER ORDERED that Plaintiff may continue to proceed without prepayment of any additional costs, fees, or security throughout the pendency of this action.

SO ORDERED.

Dated: _____, 2026

Rochester, New York

---

**Charles J. Siragusa**

United States District Judge

Western District of New York